# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-23-00272-PRW |
| | ) |
| THOMAS LAMAR BROWN, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Thomas Lamar Brown is a violent felon with two prior convictions for Infliction of a Corporal Injury on a Spouse or Cohabitant.[1] On April 15, 2023, Oklahoma Highway Patrol stopped Mr. Brown, searched his vehicle, and found three firearms in the vehicle. A federal grand jury subsequently returned an indictment charging Mr. Brown with one count of violating 18 U.S.C. § 922(g)(1). Mr. Brown now moves for dismissal of that charge, arguing that § 922(g)(1) violates the Second Amendment.

In 2009, the Tenth Circuit in *United States v. McCane* rejected a post-*Heller* challenge to the constitutionality of § 922(g)(1)[2] as applied to a violent felon like McCane, relying on the Supreme Court's statement in *District of Columbia v. Heller* that "'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession

---

[1] *People v. Brown*, No. RIF107555 (Riverside Sup. Ct., Nov. 29, 2002); *People v. Brown*, No. 12HF2758 (Newport Beach Sup. Ct., Sept. 22, 2012).

[2] *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

1

of firearms by felons[.]'"[3] Mr. Brown's motion does not explicitly address *McCane*, but he impliedly argues that the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*[4] invalidates *McCane*. However, a circuit decision remains good law unless "the Supreme Court issues an intervening decision that is contrary to or invalidates . . . previous analysis."[5] Given *Bruen*'s unequivocally favorable treatment of *Heller*, it cannot be read as contradicting or invalidating *McCane*'s reliance on *Heller*. For that reason, *McCane* remains binding precedent that this district court is duty bound to follow in a case like this, which, like *McCane*, involves a defendant with prior felony convictions for violent crimes.

The Motion to Dismiss the Indictment (Dkt. 17) is **DENIED**.

**IT IS SO ORDERED** this 10th day of October 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[3] *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008)).

[4] 142 S. Ct. 2111 (2022).

[5] *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (internal quotation marks omitted).